Opinion filed June 25, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 25,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00324-CR 

                                                    __________

 

                                 SAMMY WAYNE EMERY, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR32284

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Sammy Wayne Emery of the offense of felony driving while
intoxicated, and the trial court assessed punishment at confinement for ten
years.  We affirm.  

Appellant
presents four points of error.  In the first point, appellant challenges the
legal and factual sufficiency of the evidence.  In the second point, appellant
contends that the State improperly struck at him over the shoulders of defense
counsel.  In the third point, appellant complains that, because of the lack of
evidence to support his conviction, his due process rights were violated.  In
the final point, appellant complains of improper jury argument by the
prosecutor. 








We
will apply the following well-recognized standards of review to appellant=s sufficiency challenges. 
To determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light and determine whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  

Appellant
was charged with the offense of felony driving while intoxicated, having twice
before been convicted of driving while intoxicated.  Tex. Penal Code Ann. '
49.09(b)(2) (Vernon Supp. 2008).   Appellant stipulated to the two prior DWI
convictions that were alleged in the indictment.  The remaining elements of the
offense as charged were that appellant operated a motor vehicle in a public
place while intoxicated by either (1) not having the normal use of mental or
physical faculties by reason of the introduction of alcohol and/or other
substances or (2) having an alcohol concentration of at least .08.

The
record shows that Jerry Ray Murphy Jr. came upon the scene of a one-car
accident  shortly after it had occurred.  The car was upside down near the
intersection of two dirt roads.  Murphy saw appellant climbing out of the
driver=s side of the
car holding a beer.  Appellant walked toward Murphy=s truck, staggering and falling to his knees
once.  Murphy smelled alcohol on appellant=s
breath.  Murphy testified that appellant appeared to be intoxicated at that
time.  Murphy noted that appellant=s
speech was slurred, that he smelled of alcohol, and that he was Awobbly@ and Apretty well drunk.@  Appellant did not appear
to be injured, and he told Murphy that he was okay.

According
to Murphy, appellant said that he had been drinking while watching a pulling
unit in the area  and that he was going too fast to make the turn at the
intersection.  Appellant was the only person at the scene when Murphy arrived,
and appellant told Murphy that nobody had been in the car with him.








By
the time troopers arrived at the scene, appellant was gone.  A friend had
picked him up and taken him to the hospital.  Trooper Wade Alan Dunn contacted
appellant at the hospital B
where he was complaining of a shoulder injury B
and obtained consent for a blood specimen.  Trooper Dunn testified that
appellant=s speech was
slurred, that he was incoherent and belligerent, and that he had a strong odor
of alcoholic beverage on his breath.  The blood sample, which was drawn more
than two hours after the accident, contained .22 grams of alcohol per 100
milliliters.[1]  Appellant
told Trooper Dunn that he was not driving the vehicle at the time of the wreck
and that he had not been drinking.

Trooper
Jeffrey Ray Strain was dispatched to the scene of the wreck.  He conducted an
investigation and determined that there was no evidence to suggest that anybody
other than appellant was in the vehicle at the time of the wreck.

We
hold that the evidence is both legally and factually sufficient to show that
appellant was driving the vehicle and that appellant was intoxicated at the
time by not having the normal use of mental or physical faculties by reason of
the introduction of alcohol or some other substance.  Murphy=s testimony about appellant=s condition at the scene of
the wreck and appellant=s
statements to Murphy are sufficient to support appellant=s conviction for driving while intoxicated. 
The evidence supporting the verdict is not so weak that the verdict is clearly
wrong and manifestly unjust, and the verdict is not against the great weight
and preponderance of the conflicting evidence.  Appellant=s first point of error is
overruled.  

In
his second point,[2] appellant
argues that the State improperly struck at him over the shoulders of defense
counsel when Murphy testified as follows during questioning by defense counsel:

Q: 
Okay.  And so if he had already seen someone else, and used the cell phone, he
was already out of that vehicle, wasn=t
he?

 

A: 
I don=t know.  I guess
he was.  But when I seen him, he was coming out of the vehicle. 

 

Q: 
Well, if he --

 








A:  I know what
I seen. 

 

Q:  I
understand.  

 

A:  So you can=t
switch it around on me. 

At that point,
defense counsel objected and requested a mistrial because the witness struck at
appellant over counsel=s
shoulder.  The trial court responded, AOverruled.@

Appellant
relies on a line of cases holding that the State may not strike at a defendant
over the shoulders of his counsel.  See Wilson v. State, 938 S.W.2d 57,
60 (Tex. Crim. App. 1996), aborgated on other grounds by Motilla v. State,
78 S.W.3d 352 (Tex. Crim. App. 2002); Fuentes v.  State, 664 S.W.2d
333 (Tex. Crim. App. 1984).  This line of cases involves comments made by the
prosecutor, not a witness, and are not dispositive of the issue in the present
case.  We cannot hold that Murphy=s
testimony, which occurred during cross-examination by defense counsel,
constituted an impermissible strike by the State at appellant over the
shoulders of defense counsel.  Appellant=s
second point of error is overruled. 

In
his third point, appellant asserts that he was denied the right to due process
of law because of the lack of evidence to support his conviction.  We
disagree.  Pursuant to the Due Process Clause of the Fourteenth Amendment, no
person may be convicted of a criminal offense and denied his liberty unless his
criminal responsibility for the offense is proved beyond a reasonable doubt.  In
re Winship, 397 U.S. 358, 364 (1970); Alvarado v. State, 912 S.W.2d
199, 206-07 (Tex. Crim. App. 1995).  As addressed in the first point of error,
appellant=s conviction
is supported by both legally and factually sufficient evidence.  Accordingly,
we hold that the offense was proved beyond a reasonable doubt and that
appellant received due process.  The third point of error is overruled.  

In
his final point, appellant complains of improper jury argument.  There are four
categories of proper jury argument: (1) summation of the evidence, (2)
reasonable deductions from the evidence, (3) answers to the arguments of
opposing counsel, and (4) pleas for law enforcement.  Cantu v. State,
842 S.W.2d 667, 690 (Tex. Crim. App. 1992). During closing argument, the
prosecutor stated:

[A]nd he was
intoxicated when he had the accident.  And through his own mouth, he tells Mr.
Murphy.  And Mr. Murphy says he has seen intoxicated people before.  I believe
him.  

 

What I believe doesn=t
matter, though.  It=s
what you end up believing.  








Defense counsel
then objected to the prosecutor vouching for the credibility of Murphy and
immediately requested a mistrial.  The trial court denied the motion for
mistrial without ruling on the objection.  

Because
appellant did not obtain a ruling on his objection and because he did not
request an instruction to disregard, the scope of appellate review is limited
to the question of whether the trial court erred in not granting a mistrial.  Young
v. State, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004).  An error that could
have been prevented by a timely objection or cured by an instruction to the
jury will not require reversal on appeal when these lesser remedies were not
requested in the trial court.  Id.  Although it is generally error for
the prosecutor to vouch personally for the honesty or truthfulness of a
witness, such error may be cured by an instruction to disregard if the remarks
were not so inflammatory as to overcome the jury=s
ability to disregard them.  Gardner v. State, 730 S.W.2d 675, 698 (Tex.
Crim. App. 1987).  We hold that any error in the prosecutor=s comment in this case
could have been cured by an instruction to disregard.  See id.  Thus,
the trial court did not err in refusing to grant a mistrial.  Further, we note
that the prosecutor also explained to the jury that his beliefs were immaterial
and that what mattered was what the jury believed.  The fourth point of error
is overruled.  

The
judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

CHIEF JUSTICE

June 25, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b). 

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.









[1]We note that the record contains no evidence indicating
what appellant=s blood alcohol content may have been at the time of
the wreck. 





[2]We note that the State urges that this point was not
preserved for review because appellant failed to request an instruction to
disregard and because appellant failed to cite any supporting authority in his
brief.  We disagree.  The issue was preserved by the trial court=s overruling of appellant=s
objection or motion for mistrial.  Tex.
R. App. P. 33.1(a).  Furthermore, appellant=s brief contains citations to cases from the Court of
Criminal Appeals as proposed authority in support of his second point of
error.